FILED

APR 16 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **4:14CR00113 JAR/NCC** |
| ) | |
| v. ) | No. |
| ) | |
| MALIK MUHAMMED, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### The Defendant

1. At all times relevant to this Indictment, defendant Malik Muhammed, also known as Derek Marshall ("Muhammed"), was a resident of St. Louis County, Missouri. Muhammed operated a chiropractic office in Florissant, Missouri, in St. Louis County, all within the Eastern Division of the Eastern District of Missouri. Defendant is not a licensed chiropractor, licensed medical doctor, or licensed therapist.

### Health Care Benefit Programs & CPT Codes

2. A "health care benefits program" is defined by 18 U.S.C. § 24(b) as a "public or private plan or contract," affecting commerce, under which medical benefits, items, and services are provided to individuals. Under this broad definition, automobile insurance companies that cover individual drivers are "health care benefit programs" in that they cover, provide, furnish, and make available reimbursement for medical benefits, items, and services that are provided to

individuals after automobile accidents, including payment for chiropractic services and office visits with medical providers.

3. When presenting claims to private or public health care benefit programs, providers use claim forms that identify the patient, the licensed health care professional that provided the service, the date of service, and other information. The identity of the licensed health care professional that provided the service is material to health care benefit programs, as the programs do not pay for the medical services of unlicensed, unqualified, and unsupervised providers.

4. Providers use the Physicians Current Procedural Terminology, called CPT codes, to describe the service they provided. CPT codes are developed by the American Medical Association ("AMA") and physicians of every specialty, who determine appropriate definitions for the CPT codes. By submitting claims using these CPT codes, providers represent to health care benefit programs that the services described by the codes were actually provided. Whether services were actually provided to patients is material to health care benefit programs, as the programs do not pay for medical services that were never rendered or provided.

5. CPT Codes 98940-943 discuss providing chiropractic manipulative treatment, a form of manual treatment to influence joint and neurophysiological function, to different regions of the spine and body.

6. CPT codes 99211-215 discuss the billing of office visits by medical doctors and podiatrists, with these codes covering services for the various lengths of time that a physician typically spends face-to-face with the patient. 99211 involves payment for a visit typically lasting five minutes with minimal presenting problems by the patient. The CPT guidance for

99211 notes some office visits billed under this code "may not require the presence of a physician." The other office visit codes, 99212-215, involve time frames between 10-40 minutes, with the CPT guidance for each of these codes specifically stating that "the physician" typically spends the relevant time periods specified in each of these codes "face-to-face with the patient and/or family." Similarly, CPT Code 97110 involves providing a patient with therapeutic procedures that effect change through the application of clinical skills and services in an attempt to improve function, with the code discussion explicitly stating that "physician or therapist required to have direct (one on one) patient contact" before billing.

### Defendant's Activities in the Eastern District of Missouri

7. Defendant owns, operates, and manages the Your Accident & Injury Clinic, Inc. ("YAIC"), a chiropractic provider which is located in Florissant, Missouri. Among other tasks, defendant supervised all of the employees, and helped prepare medical records and claims for reimbursement to the health care benefit programs. Defendant was personally involved in the preparation of health care claims and billing materials, and personally selected many of the CPT codes used by defendant and YAIC to request money from health care programs. Typically, defendant hired one chiropractor at a time to service all of YAIC's patients, and the one chiropractor would work at YAIC on regular days (e.g. every Tuesday and Thursday). YAIC was closed on Sundays, and did not employ licensed physical therapists or other qualified health care professionals beyond a chiropractor to provide services to patients. In July 2013, special agents executed a search warrant at YAIC, and recovered patient files and billing records. These records show that defendant repeatedly billed health care insurance programs for services that

were purportedly provided to patients on days when the clinic's chiropractor did not work, including numerous bills for services purportedly provided on Sundays when the clinic was closed.

## COUNTS ONE THROUGH FIVE

8. Paragraphs 1 through 7 are incorporated by reference, as if fully set forth herein.

9. On or about the dates indicated below, in St. Louis County, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

### MALIK MUHAMMED,

the defendant herein, in a matter involving a health care benefit program, aiding and abetting others and aided and abetted by others, knowingly and willfully made and used, and caused to be made and used, materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, in that the defendant falsely stated and represented that a licensed and qualified health care provider had furnished and provided services to certain patients on certain dates, when the defendant then and there well knew said statements and representations were false as no licensed and qualified health care provider was working at YAIC and providing services to patients on each of these dates. All in violation of 18 U.S.C. §§ 1035(a)(2) and 2.

4

| COUNT | PATIENT | DATE OF SERVICE | CPT CODE |
|---|---|---|---|
| 1 | R.M. | June 24, 2012 | 98941 |
| 2 | E.J. | April 19, 2009 | 99213 |
| 3 | S.C. | June 27, 2010 | 97110 |
| 4 | J.D. | February 1, 2010 | 99213 |
| 5 | R.B. | June 11, 2010 | 99212 |

A TRUE BILL.


_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
ANDREW J. LAY, #39937
Assistant United States Attorney

5